## SYDNOR v. CITY OF GALVESTON.

### (No. 2828.)

APPEAL from Galveston County. Opinion by WILLSON, J.

A. SAMPSON, counsel for appellant.

S. S. HANSCOM, counsel for appellee.

§ **59.** *Garnishment; "current wages;" pay of physician for services as such are; case stated.*   S. W. Sydnor, appellant, having a judgment against Samuel A. Towsey for $196.96, garnished the city of Galveston. At the time of the service of said garnishment said city owed Towsey $1,680 for services rendered by him as a physician in treating small-pox patients. Towsey rendered said services under a contract of employment made with him by the city, in which contract it was stipulated that he should be paid by said city $30 per day during the time that he should render such services. Before the service of the writ of garnishment, and soon after the money to pay said Towsey had been appropriated, he demanded said money of the city, but before said demand the city had been garnished at the suit of another of Towsey's creditors for the sum of $200. The city proposed to pay Towsey all of his claim except $300, retaining that amount to meet said garnishment last named. Towsey declined to accept less than the whole amount due him, and sought the advice of a lawyer, who advised him to receive the money less the $300, and leave that amount to abide the decision of said garnishment. Tow-

sey then demanded of the city $1,380, the amount the city had proposed to pay him on his previous demand. In the meantime, previous to the last demand, the garnishment in this suit had been served upon the city, and the city refused to pay him more than $1,000, retaining $680 to abide the decision of said garnishments. Towsey was made a party in this suit, and claimed said money as exempt from garnishment, upon the ground that the same was current wages for personal service. Judgment was rendered in his favor and in favor of the garnishee.

It is contended by counsel for appellant that the money in question is not current wages for personal service, within the meaning of the constitution and laws of this state, and is therefore not exempt from garnishment. We are of the opinion that the money is current wages for personal services. It was earned by Towsey, under contract with the city, by rendering personal services in treating professionally as a physician, and in nursing small-pox patients, and he was to receive a stipulated sum per day for such services. "Current wages" are such compensation for personal services as are to be paid periodically, or from time to time, as the services are rendered; as where the services are to be paid for by the hour, day, week, month or year. Such as that, the compensation, therefore, is measured by the time of the continuance of the service. [3 Civil Cas. Ct. App. 462.] Towsey's services were of this character, and were within the meaning of the constitution and laws exempting current wages for personal service.

It is contended further by counsel for appellant that, although the money might once have been current wages, it had ceased to be such at the time of the service of the writ of garnishment; that it was past due, and had become accumulated wages voluntarily left in the city treasury by Towsey. We do not think that this position is maintainable under the facts of this case. It is true that the wages were measured by the day, but it

does not appear that under the contract Towsey was to be paid daily. On the contrary, it would seem from the evidence that he was to be paid at the termination of his services, because until his services had terminated no appropriation to pay his wages was made by the city, and no demand was therefore made by him. Within a short time after the termination of his services, the city made an appropriation to pay the amount due him, and he at once, at least within a reasonable time, demanded of the city the amount appropriated. He was tendered only a portion of the amount, which he declined to receive at first, but afterwards, upon the advice of his lawyer, agreed to accept. He did not leave the money on deposit in the city treasury, or voluntarily consent that it should remain there. On the contrary, he demanded its payment to him, and protested against the retention by the city of any portion of it. These facts do not bring this case within the rule declared in Bell v. Live Stock Co., 11 S. W. Rep. 344 (Sup. Ct. Tex., March 19, 1889), cited by counsel for appellant, and our conclusion in this case is not in conflict with that decision, as we understand it. Believing as we do, that there is no error in the judgment, it is

February 15, 1890.                    Affirmed.