---

## In re FINK.

(District Court, E. D. Pennsylvania. August 3, 1908.)

### No. 2,794.

BANKRUPTCY — DEBTS ENTITLED TO PRIORITY — "WAGES" — COMMISSIONS OF TRAVELING SALESMAN.

Commissions paid a traveling salesman for his services are "wages," within the meaning of Bankr. Act July 1, 1898, c. 541, § 64b (4), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), and a claim for such commissions earned within three months prior to the bankruptcy of the employer is entitled to priority thereunder.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7369-7373, 7831.]

In Bankruptcy. On certificate of referee concerning claim of Samuel E. Daniels.

Hepburn, Carr & Krauss, for trustee.
Frederick A. Sobernheimer and N. W. Talbot, for claimant.

J. B. McPHERSON, District Judge. The question for decision is whether the referee, Edward F. Hoffman, Esq., erred in deciding that the claimant, who was a traveling salesman employed by the bankrupt and was paid solely by commission on his sales, was entitled to priority for the amount thus earned during the three months preceding the filing of the petition. Or, to state the question in other words: Was the claimant's compensation "wages," within the meaning of section 64b (4) of the bankruptcy act (Act July 1, 1898, c. 341, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]). The Supreme Court of Pennsylvania, in Hamberger v. Marcus, 157 Pa. 133, 27 Atl. 681, 37 Am. St. Rep. 719, has in effect replied in the affirmative; for in my opinion the decision is pertinent, although the precise point decided is that a commission on sales was protected from attachment by a statute that exempted from such process "the wages of any laborer or the salary of any person in public or private employment." The ground upon which the decision rests will appear by the following quotation from the opinion delivered by Mr. Justice McCollum:

"It was the obvious purpose of this act to enable laborers and persons in public or private employment to receive from their employers compensation for their personal services without hindrance from their creditors. The miner who is paid by the ton, the mechanic who is paid by the piece, and the clerk or salesman who is paid by commissions on his sales, are as much within its protection as if they were paid by the day, week, month, or year. A wholesale

merchant employs two persons to travel over the country and obtain from the retail dealers orders for his goods. To one of them he pays a certain sum per month, and to the other he pays commissions on the amount of orders taken. These commissions are as clearly compensation of the employé for personal services in the interest and for the benefit of the employer as the monthly stipend is. It is a narrow construction of the statute which allows the creditors of one employé to attach in the hands of the employer the commissions which constitute his compensation for personal services and exempts from attachment in the hands of the same employer the compensation of another employé for like services. A construction which admits of such results is not warranted by a mere difference in the method of compensation. In Wentroth's Appeal, 3 Wkly. Notes Cas. 248, the question was whether the claimant was a laborer within the meaning of the act of April 9, 1872 (P. L. 47), and this court said: 'If he was a laborer, it must be conceded that it does not matter in what manner his services were to be compensated—whether by daily wages or by the quantity of lumber delivered.' In Seiders' Appeal, 46 Pa. 57, it was decided that, 'under the act of April 2, 1849 (P. L. 337; Purdon's Dig. 835), all laborers employed by the persons or companies referred to in the act are entitled to its benefits, whether the wages agreed to be paid them are measured by time or by the ton, or by the piece, or any other standard.'

"It is what the employer owes his employé for personal services rendered in that relation which is exempt from attachment in the hands of the employer, and it matters not whether it is called wages or salary. In Commonwealth ex rel. Wolfe v. Butler, 99 Pa. 535, Chief Justice Sharswood, speaking for the court, said: 'The truth is, and this the lexicographers seem to hold, that if there is any difference in the popular sense between salary and wages, it is only in the application of them to more or less honorable services. A farmer pays his farm hands, in common speech, wages, whether by the day, the week, the harvest, or the year. If for any reason he has occasion to employ an overseer, his compensation, no matter how measured, is called salary. An iron master pays his workmen wages; his manager receives a salary. A merchant pays wages to his servant who sweeps the floor, makes the fire, and runs his errands, but he compensates his salesman or clerk by a salary. How can it make any difference in what way the compensation is ascertained?' In Hutchinson v. Gormley, 48 Pa. 270, it was held that an attachment would not lie for the fees due a gauger of oils because it would interfere with his compensation and obstruct him in the execution of his duties. In delivering the opinion of the court, Mr. Justice Reed, after stating the grounds of the decision, said: 'This makes it unnecessary to consider whether his compensation is covered by the word "salary" in the proviso to the fifth section of the act of April 15, 1845 (P. L. 460), although it is clearly within the spirit.' It is true that the cases referred to do not decide the precise question raised by the answers to the interrogatories, but they shed light upon it and are corroborative of the view that the attached commissions constitute the compensation of an employé for personal services rendered to his employer, and are within the protection of the act of April 15, 1845."

Moreover, since the ruling of the learned referee was made, the question has been decided in accordance with his view by the Court of Appeals for the First Circuit. The case is In re New England Thread Co., reported in 20 Am. Bankr. Rep. page 47, 158 Fed. 788, and the decision is precisely upon the point that the commission on sales of a traveling salesman constitutes wages within the meaning of section 64b (4) of the act, and that a claim therefor to the extent of $3,000 is entitled to priority of payment when the commissions have been earned within the three months period.

The order of the referee is affirmed.