### In re KOMINERS.

#### (District Court, S. D. New York. October, 1916.)

BANKRUPTCY ☞348—DEBTS—PRIORITIES—"TRAVELING SALESMAN."

    Partners, who sold goods for the bankrupt on a commission basis maintaining their own office and not being bound to devote any particular amount of their time to a sale of the bankrupt's property, are not "traveling salesmen," within Bankruptcy Act July 1, 1898, so as to be entitled to priority as such.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Traveling Salesman.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the bankruptcy of Abraham H. Kominers. On review of order of referee disallowing a claim to priority as traveling salesmen. Order affirmed.

Charles L. Greenhall, of New York City, for trustee.
Max Lowenthal, of New York City, for claimants.

MAYER, District Judge. I have carefully gone over this record, and the facts are simple enough. The claimants were partners, and represented other houses besides that of the bankrupt. They were not under any obligation to devote all their time to selling goods for the bankrupt, and apparently could control their time as they pleased. They were compensated on a commission basis; that is to say, if their orders were accepted, they were entitled to their commissions. They had an office of their own, with their own business cards, and were, for all practical purposes in their relations with the bankrupt, a commission house.

There doubtless are cases where a salesman carries the lines of several small houses and covers a given territory under some arrangement by which he is a "traveling salesman" for his employers, so as to entitle him to priority within the meaning of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [Comp. St. 1916, §§ 9585–9656]). But on the evidence in this case it is quite clear that these claimants were not such traveling salesmen. In the case of In re Dexter (C. C. A. 1st Cir.) 20 Am. Bankr. Rep. 47, 158 Fed. 788, 89 C. C. A. 285, the employé agreed to "devote all the time necessary to the proper care of the trade in the territory mentioned," and he was not to "engage in the sale or manufacture of * * * any other materials" that his employer might be "making at the time with any other concern."

In that case it is plain that the employé was a traveling salesman devoted solely to the business of his employer, and that he was expected to give his sole attention to that business. The court held, among other things, that the mere fact that he was paid by commissions, and established an office at his own expense, did not take him out of the category of a traveling salesman. Here, however, the claimants were in business for themselves, and, so far as the agreement between the parties went, these claimants could control their own time and sell as much or little of the bankrupt's goods as they might choose, with no control over them on the part of the bankrupt of a character ordinarily found in the relations between an employer and a traveling salesman.

Claimants sought to introduce testimony as to custom in the garment trade; but such testimony was clearly inadmissible, and the referee properly refused to admit testimony of this character which was offered. I find no error in the other rulings of the referee, some of which went to the substance and others to the form of the questions.

An order may be presented on one day's notice, sustaining the referee.