### In re SHAPIRO et al.

(District Court, E. D. Pennsylvania. June 24, 1924.)

No. 8250.

1. **Bankruptcy ⊚⇒348—Debts having priority; commissions of traveling salesman are "wages."**

Commissions earned by traveling salesmen for their services are "wages," within Bankruptcy Act, § 64b (4) as amended June 15, 1906 (Comp. St. § 9648).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wages.]

2. **Bankruptcy ⊚⇒348—Contract under which salesman rendered services held mutual agreement of hiring.**

That a contract under which a traveling salesman rendered services was not signed by him, or that, while prohibiting him from selling com-

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

peting goods, it did not require him to give his whole time to the service, held not to affect his right under Bankruptcy Act, § 64b (4) as amended June 15, 1906 (Comp. St. § 9648), to priority for commissions earned.

In Bankruptcy. In the matter of L. Shapiro and another, trading as the Hi-Grade Dress Manufacturing Company, bankrupt. On review of order of referee giving priority to claim of Samuel Shoyer. Affirmed, and petition dismissed.

Louis De P. Vail, of Philadelphia, Pa., for claimant.

Samuel Feldman, of Philadelphia, Pa., for trustee.

THOMPSON, District Judge. Samuel Shoyer was employed as a salesman for the bankrupts under the following contract:

"Bell, Walnut 5973          Shapiro & Kline, Props.

"Hi-Grade Dress Mfg. Co., 19 North Ninth Street.

"Philadelphia, Pa., August 1, 1922.

"From date above stated to the 15th day of May, 1923, Mr. Shoyer will be salesman for Shapiro & Kline, trading as the Hi-grade Dress Mfg. Co., residing at 19 N. 9th St., Phila., Pa., with terms as follows:

"Mr. Shoyer will receive five (5%) per cent. of all sales, less all returns, credits, or allowances he makes, payable at time merchandise is accepted.

"It is also agreed that party of the first part shall not sell for any other house manufacturing coats and suits.

"It is further agreed that party of the second part will allow party of the first part to have access to the books at all times.

"[Signed]  L. Shapiro.

"[Signed]  M. Kline.

Under proof taken by the referee, Shoyer was allowed wages to the amount of $300 as a preferred claim under section 64b (4), as amended by the Act of June 15, 1906 (Comp. St. § 9648), which allows a priority for wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of the commencement· of proceedings, not to exceed $300 to each claimant. The trustee assigns this order of the referee as error.

[1] That the commissions paid traveling salesmen for their services are wages, within the meaning of section 64b (4), was decided by Judge McPherson in this court in the case of In re Fink, 163 Fed. 135, following In re Dexter (In re New England Thread Co.) 158 Fed. 788, 20 Am. Bankr. Rep. 47.

[2] The counsel for the trustee urges that the claimant does not come within the purview of the act as a wage-earner, because, while, under his contract, he was prohibited from selling for any other house manufacturing the same articles as the bankrupt, yet, under the contract, he was not required to give his whole time to selling the goods of the bankrupt, nor did the contract bind him to the bankrupt's employ as a salesman. As to both of these contentions, the contract, while not as formal as that under consideration in Re New England Thread Co., is identical with that contract in substance.

As to the first contention, the contract in the Dexter Case, as in the present case, prohibited the salesman from selling the class of articles manufactured by the employer for other houses. As to the second contention, the contract in the present case provided that from August 1,

1922, to May 15, 1923, "Mr. Shoyer will be salesman for Shapiro & Kline, trading as the Hi-Grade Dress Mfg. Co.," which must be construed as a mutual agreement of hiring. I fail to see any substantial distinction between the employment in the Dexter Case and that in the case at bar.

This case is readily distinguishable from In re Kominers (D. C.) 252 Fed. 183, 40 Am. Bankr. Rep. 431, where the facts stated by Judge Mayer indicate that the claimants, who were partners, were conducting the business of a commission house.

The order of the referee is affirmed, and the petition dismissed.