**J. M. RADFORD GROCERY CO. v. McKEAN.**

**No. 12435.**

Court of Civil Appeals of Texas. Fort Worth.
March 7, 1931.

Rehearing Denied April 18, 1931.

W. E. Lessing, of Abilene, for appellant.

Elton M. Hyder and Chas. L. Terry, both of Fort Worth, for appellee.

DUNKLIN, J.

By this appeal the J. M. Radford Grocery Company seeks a reversal of a judgment rendered against it as garnishee in favor of R. W. McKean, plaintiff.

A writ of garnishment was sued out by the plaintiff upon a judgment he had theretofore recovered against I. C. Tinsley. The garnishee filed an answer to the writ admitting an indebtedness to Tinsley of $660 at the time the writ was served, and the judgment was rendered upon the admission so made; plaintiff having filed no reply controverting the facts alleged in the answer.

That portion of the garnishee's answer which was made the basis of the judgment reads as follows:

"The said I. C. Tinsley is in the employ of this garnishee rendering personal service to garnishee and as wages and compensation for such service, this garnishee agreed to pay the said I. C. Tinsley the sum of $——— per month, and in the event the said I. C. Tinsley remained in the employ of garnishee and continued to render such services for a period of one year from the date of the commencement of such employment to pay the said I. C. Tinsley the further compensation to be based on a certain per cent of the sales made by said I. C. Tinsley above a certain minimum amount of sale required by this garnishee. That at the time of the service of said writ of garnishment, this garnishee was indebted to the said I. C. Tinsley, on account of such additional consideration the sum of $660.00.

"That all of said amount so admitted to be due said I. C. Tinsley is compensation and wages due by garnishee for personal services as herein set out and is therefore exempt to said I. C. Tinsley by reason of the constitution of the State of Texas, and the laws in pursuance thereof made and provided."

The only question presented here is whether or not the amount which the garnishee owed to Tinsley was due him as current wages for personal services within the meaning of article 16, § 28, of the constitution, and articles 3832, 3835, and 4099, Revised Civil Statutes of 1925. In appellee's brief the only contention made as to that question is shown in the following counter proposition: "The answer of garnishee having shown that the defendant Tinsley was in its employ as a salesman earning and being paid a definite salary, monthly as it accrued; and that the fund impounded was derived by way of bonus or commission, contingent upon continued employment, coupled with a certain minimum gross sales and to be determined at the end of the year; such impounded fund was no part of the current wages paid to defendant within the meaning of article 4099, R. S. 1925 and article 16, § 28 of the Constitution of the State of Texas."

Apparently the trial court's judgment was based upon that theory. In 11 Ruling Case Law, p. 522, par. 34, it was said that: "An exemption of wages is intended to include what an employer owes his employee

for personal services rendered in that relation, and it matters not whether it is called wages or salary."

And again on page 524, par. 36, it is said: "Within the meaning of an exemption statute current wages are such compensation for personal services as are to be paid periodically or from time to time, as the services are rendered; as where the services are to be paid for by the hour, day, week, month or year, or where the compensation for service is measured by the time of its continuance."

See, also, 17 Corpus Juris, p. 410, and 25 Corpus Juris, p. 65.

Practically all the authorities are in accord with those definitions of current wages. See Lee v. Emerson-Brantingham Implement Co. (Tex. Civ. App.) 222 S. W. 283, and authorities there cited.

■ It is also the rule according to all authorities that exemption statutes, especially those in favor of laborers, should be liberally construed, to the end that the laborer should be allowed means of obtaining a livelihood, and thus prevent him and his family from becoming a charge on the public; although the construction given to the statutes must be consistent with a true and just interpretation of their terms in view of the purposes for which they were enacted. 11 R. C. L. p. 492.

■ Under the text noted, we think it clear that the amount due I. C. Tinsley at the end of the year as additional consideration for his services were current wages for personal services, within the meaning of our Constitution and statutes referred. to above.

In Ciarla v. Solvay Process Co., 172 N. Y. S. 426, 184 App. Div. 629, it was held that a bonus paid to an employee in addition to his regular wages to encourage efficiency and economy came within the meaning of current wages. Other authorities might be cited showing that compensation paid by way of commissions on sales made by traveling salesmen are also included within the meaning of current wages. In re Shapiro (D. C.) 300 F. 566; Hamberger v. Marcus, 157 Pa. 133, 27 A. 681, 37 Am. St. Rep. 719; Lee v. Emerson-Brantingham Implement Co. (Tex. Civ. App.) 222 S. W. 283.

In Bell v. Indian Live-Stock Co., 11 S. W. 344, 3 L. R. A. 642, our Supreme Court held that wages voluntarily left in the possession of the employer after becoming due cease to be current wages, and therefore are not exempt under our statutes.

In this connection it is to be noted that, while the answer of the garnishee contains a statement of the amount due Tinsley as compensation in addition to the monthly salary paid, there is no allegation as to when it became due; in other words, according to the answer, it became due at the end of a one-year period with no statement as to when that year expired. But there was no exception addressed to that pleading setting up the exemption, nor was there any controverting plea filed by the plaintiff. And we believe it to be inferred that the court rendered judgment against the garnishee upon the theory advanced by appellee in his brief, set out in his proposition copied above, that the compensation admitted to be due Tinsley was not current wages because it was additional to the regular monthly wages paid to him.

■ Accordingly, we have reached the conclusion that the judgment should be reversed and the cause remanded; and it is so ordered. And in this connection we deem it proper to suggest that the lack of clarity in the garnishee's answer, noted above, should be remedied by proper pleadings; and that, in order for any judgment against the garnishee to be binding upon I. C. Tinsley as a credit on any sum the garnishee may owe him, as was decreed by the trial court, it will be necessary for him to be made a party to the suit. Missouri Pac. Ry. v. Whipsker, 77 Tex. 14, 13 S. W. 639, 8 L. R. A. 321, 19 Am. St. Rep. 734; Smith v. Security Investment Co. (Tex. Civ. App.) 16 S.W.(2d) 926.