**BRASHER et al. v. CARNATION CO. OF TEXAS et al.**

No. 8235.

Court of Civil Appeals of Texas. Austin.
March 11, 1936.

Rehearing Denied April 1, 1936.

Hollis Massey, of Schulenberg, for appellants.

Moss & Moss, of La Grange, for appellees.

BAUGH, Justice.

Henry Brasher, Jr., and Henry Brasher, Sr., holders of a judgment against Ferd J. Rohan for the sum of $276, caused to be issued out of the county court of Fayette county a writ of garnishment against the Carnation Company of Texas, a corporation. Said corporation answered that it owed Rohan $209.46. Rohan intervened and claimed that such indebtedness to him was exempt from garnishment as current wages for personal services under article 4099, R.S., and article 16, § 28, of the Constitution of Texas. Trial was to the court without a jury and judgment rendered dis-

charging the garnishee on the grounds that said indebtedness of the garnishee to Rohan was exempt as pleaded, from which judgment the Brashers have appealed.

The first proposition of appellants is that they were entitled to a default judgment against the garnishee because of the insufficiency of its answer. The facts in this regard were: The writ served upon the garnishee directed it to answer upon oath what it was indebted to Rohan; what effects, if any, of his it had in its possession; what other persons, if any, within its knowledge were indebted to Rohan, or had effects belonging to him in their possession. The garnishee answered only as to its indebtedness to Rohan, and did not answer as to any of the other inquiries. Appellants insist that this constituted no answer at all by the garnishee and that the trial court should have rendered a default judgment against it, citing particularly Norton v. B. & A. Drilling Co. (Tex.Com.App.) 34 S.W.(2d) 1095, and the cases therein cited. Under the holdings in these cases, it appears that the answer of the garnishee was clearly insufficient, and had appellants excepted to same, or moved for a judgment against the garnishee as in default because of such insufficiency, they would have been entitled to it. But no such objections were made and no judgment was requested on such grounds. On the other hand, the appellants controverted only the right of Rohan to the exemption of the debt in question from garnishment, and the case was tried and determined on that single issue. Whether such answer of the garnishee were sufficient to prevent a default judgment against it or not—that is, whether it constituted no answer in law, or merely a defective answer—the garnishee appeared at the trial, and the trial proceeded to judgment on the answer filed without any protest from appellants that it was insufficient. Such question was not raised in the trial court, and appellants made no effort to take advantage of such defective answer, but chose to join issues on the answer filed without question as to its sufficiency. Under these circumstances we think they waived such rights to a default judgment as they may have had, and cannot now be heard to assert them for the first time on appeal. Shaw v. Whitfield (Tex.Civ.App.) 35 S.W.(2d) 1115; 34 C.J. 177; 36 Tex. Jur. 401. See also, on the issue as to the insufficiency of the answer filed to prevent a default judgment, Jemison v. Scarborough, 56 Tex. 358, 360; Capps v. Citizens' Nat. Bank (Tex.Civ.App.) 134 S.W. 808; Armour & Co. v. Gray (Tex.Civ.App.) 77 S.W.(2d) 597.

The issue on the merits was whether the money due by the garnishee to Rohan constituted "current wages for personal service" within the meaning of the statute, so as to exempt same from garnishment. Rohan was engaged in hauling milk to the Carnation Company's condensary at Schulenburg, under the following contract with the company:

"Hauler's Contract.

"Condensary Ferd J. Rohan, a hauling contractor, and the Carnation Company of Texas, agree as follows:

"The contractor agrees to collect milk daily from company's patrons on route number 32 and to deliver the milk promptly to the company for said patrons at above condensary. The contractor shall furnish his own means of transportation and equipment and pay all taxes or charges in connection with operation; shall furnish his own employees and perform the work in his own way, being responsible to the company and patrons for the results required. Contractor to furnish workman's compensation insurance on his own employees. It is the intention of the parties that the contractor be deemed an independent contractor.

"Payment for hauling to be made on the 15th day of each month for the hauling performed for the preceding calendar month, payment to be on the basis of 25¢ CWT.

"This agreement may be terminated by either party by giving to the other ten days written notice of termination. If either party terminates this agreement without such notice, the party so terminating shall pay to the other fifteen dollars as liquidated damages.

"Dated at Schulenburg, Texas, this Dec. 15, 1931.

"Carnation Company of Texas
"By G. Johnson, Superintendent.
"Ferd J. Rohan, Hauling Contractor."

The testimony showed that Rohan operated in accordance with this contract. The Carnation Company had no control over his hours, his equipment, nor the time and methods used by him in delivering such milk at its plant. Deductions of the amounts paid him for hauling were made by the company from the sums due by it to its customers. The only requirement made by the company of him was that he satisfy such customers in his deliveries. He

made daily trips, picked up the cans of milk placed by the producers on his route, and returned the cans empty on his return trip to the points where he gathered them up. He paid all his own expenses, and could either do the work himself, which he usually did, or, if needed, employ some one to assist him or to make such deliveries for him.

While exemption statutes for the benefit of wage-earners should be liberally construed in favor of laborers, we think the term "wages for personal service" necessarily implies a relationship of master and servant, or employer and employee, and excludes compensation due to an independent contractor as such. If, therefore, Rohan was an independent contractor, the compensation due him under his contract was not exempt from garnishment. That he was, we think there can be no doubt. The cases are legion in which this question has been considered. The time, method, or amount of payment for the service rendered are not in themselves controlling. The basic test of the relationship is whether the employer exercises, or reserves the right to exercise, control and direction not merely of the end sought to be obtained but also the details of its accomplishment; "not only what shall be done but how it shall be done." If he does, then the relationship of employer and employee exists. If, on the other hand, the employer or contractor is interested only in the results, and there is left to the party performing such service complete control of the details as to the method and manner of such performance, then the relationship of independent contractor exists. Southern Surety Co. v. Shoemake (Tex.Com.App.) 24 S.W.(2d) 7; National Cash Register Co. v. Rider (Tex. Com.App.) 24 S.W.(2d) 28; 23 Tex.Jur. 542 et seq., and numerous cases therein cited.

Here the contract expressly provided for an independent relationship. The only limitations imposed upon Rohan were that of his route and for daily delivery. The method, time, and means were left entirely to him. There appears no inhibition against deliveries in the morning, in the afternoon, or at night. That was a matter of convenience between him and the customers. It is clear, we think, that he was an independent contractor; and that his compensation is not "wages for personal service"

entitled to exemption from garnishment as held by the trial court.

That being true, the judgment of the trial court is reversed, and the cause remanded to the trial court, with instructions to render judgment in favor of appellants in accordance with the conclusions above announced and with the provisions of law applicable under such conclusions.

Reversed and remanded, with instructions.