

# The Attorney General of Texas

March 17, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Mrs. Mary E. Evins, C.E.C.
Chairwoman
Texas Private Employment Agency
  Regulatory Board
Box 12157
Austin, Texas 78711

Opinion No. H-1138

Re: Application of the Texas semimonthly pay law to earned commissions.

Dear Mrs. Evins:

You explain that many employees in private employment agencies are paid on a commission basis, and ask:

> Are commission payments which were previously earned and are due and owing to an employee considered "wages" and therefore covered by the provisions of the Texas Semimonthly Pay Law . . .?

In pertinent part, article 5155, V.T.C.S., reads:

> Every person . . . employing one (1) or more persons . . . and every . . . corporation engaged in any business within this State . . . shall pay each of its employees the wages earned by him or her as often as semi-monthly, and pay to a day not more than sixteen (16) days prior to the date of payment.

See generally Attorney General Opinion H-842 (1976); H-388 (1974).

Your question concerns only "employees"; therefore, we need not discuss the compensation of independent contractors who might be paid commissions, or of other agents not within the scope of a master/servant relationship. See Shahan v. Biggs, 123 S.W.2d 686 (Tex. Civ. App. — Fort Worth 1938, no writ). The question is also limited to situations where the commissions are "due and owing to an employee," so we need not determine under what conditions, or when, commissions become due.

The semimonthly pay day law, first enacted in 1915, was amended in 1933, and amended again in 1957. We think the term "wages" as used by the

statute encompasses commissions paid to employees as compensation for their personal services rendered the employer.

When called upon to construe the word "wages" used in the 1961 appropriations act, Attorney General Opinion WW-1416 (1962) adopted this definition given by Black's Law Dictionary 1750 (4th ed. 1951):

> Every form of remuneration payable for a given period to an individual for personal services, including salaries, commissions, vacation pay, dismissal wages, bonuses and reasonable value of board, rent, housing, lodging, payments in kind, tips and any other similar advantage received from the individual's employer or directly with respect to work for him.

Also see Webster's New International Dictionary 2568 (3rd ed. 1961). Many cases support such a broad definition, including the relatively recent case of Prewitt v. Smith, 528 S.W.2d 893 (Tex. Civ. App. — Austin 1975, no writ), which held a member's funds in a public retirement system to constitute compensation or wages within the constitutional prohibition against garnishment of wages. Tex. Const. art. 16, § 28.

Commissions paid employees are considered "wages" within that provision of the Texas Constitution stating, "[n]o current wages for personal service shall ever be subject to garnishment." Tex. Const. art. 16, § 28; Alemite Co. of No. Texas v. Magnolia Petroleum Co., 50 S.W.2d 369 (Tex. Civ. App. — Fort Worth 1932, no writ); J. M. Radford Grocery Co. v. McKean, 41 S.W.2d 639 (Tex. Civ. App. — Fort Worth 1931, no writ). Cf. Shahan v. Biggs, supra (independent contractor).

The 1933 Legislature which amended article 5155 is presumed to have been aware of the construction so recently placed by the Alemite Co. and Radford Grocery courts on the term "wages" with respect to commissions. See 53 Tex. Jur.2d, Statutes § 183 at 276. Yet, it did not abandon or qualify the term, nor did the 1957 Legislature do so.

Commissions earned by traveling salesmen for services rendered their employers were held "wages" within the 1906 federal Bankruptcy Act, 11 U.S.C. 104. In re Shapiro, 300 F. 566 (E.D. Pa. 1924). And they are "wages" within the Federal Insurance Contributions Act, 26 U.S.C. 1321 [formerly 26 U.S.C. 1426], as are the commissions of cab drivers. U.S. v. Fleming, 293 F.2d 953 (5th Cir. 1961); Capital Life & Health Ins. Co. v. Bowers, 90 F. Supp. 600 (E.D. S.C. 1950).

The commissions of employed traveling salesmen have been held "wages" within the meaning of the Texas Workmen's Compensation Act. V.T.C.S. art. 5221b-17(u); United States Fidelity & Guaranty Co. v. Lowry, 231 S.W. 818 (Tex. Civ. App. — Austin 1921, no writ). And although outside salesmen and collectors paid on a commission basis are among those persons to whom the Texas Minimum Wages Act of 1970 is expressly made inapplicable, others paid on a commission basis are apparently covered. V.T.C.S. art. 5159d §§ 4(b)(4), 5. The failure of the Texas Legislature to specifically exclude persons paid on a commission basis from article 5155 coverage seems significant.

In Attorney General Opinion O-6671 (1946), where article 5155, the semimonthly pay law, was construed in a different context, the statutory phrase "wages earned" was said to mean "the agreed or contract price promised by the employer [to be paid] to the employee." In our opinion, if the agreed or contract price promised by an employer to be paid periodically for an employee's personal services includes compensation in the form of commissions, such commissions are "wages" within the meaning of article 5155, V.T.C.S.

## SUMMARY

If the agreed or contract price promised by the employer to be paid periodically for an employee's personal services includes compensation in the form of commissions, such commissions are "wages" within the meaning of the semi-monthly pay law, article 5155, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst