**DAVIDSON TEXAS, INC.,**

v.

**Larry E. GARCIA, et al.**

No. 13816.

Court of Appeals of Texas, Austin.

Jan. 18, 1984.

Geoffrey C. Price, Law Offices of Don L. Baker, Austin, for appellant.

Daniel M. Grant, Austin, for appellees.

Before SHANNON, POWERS and BRADY, JJ.

BRADY, Justice.

This is an appeal from a judgment in a garnishment case. Appellant had obtained a final judgment against appellee in the sum of $2,363.36, together with statutory interest and costs. In an attempt to satisfy such judgment, appellant garnished the Santa Fe Energy Company, which was allegedly indebted to appellee in the sum of $4,270.46. Appellee filed a motion to dissolve the writ of garnishment on the ground that the garnished funds constituted current wages for personal services within the meaning of the Texas Constitution. The trial court granted appellee's motion to quash, and this appeal resulted.

Appellant argues that: (1) the trial court erred in concluding that the garnished fund constituted exempt wages; (2) such finding was against the great weight and preponderance of the evidence, and that there is insufficient evidence to support such finding; (3) the finding that the agreed daily rate of $200.00 establishes as a matter of law that the funds in question were due for services appellee rendered as an "independent contractor"; and (4) the trial court erred in failing to make additional findings of fact as requested by appellant. We overrule appellant's points and affirm the judgment of the trial court.

The facts indicate that appellee had worked solely for the Santa Fe Energy company for more than a year as a land man at the rate of two hundred dollars ($200.00) a day plus expenses. Appellee would perform lease checks in areas designated by Santa Fe, and was instructed to examine title documents and grantor-grantee indexes in the various counties where the firm had an interest in exploration. The company determined which acreages it desired to lease, and authorized appellee to lease such acreage for a certain percentage royalty. The company advanced funds to appellee for such purposes, and authorized appellee to act as its leasing agent. Appellee also did some title curative work for the company.

However, appellee was not carried on the company payroll, and no withholding deductions for income or FICA taxes were made by the company. This fact, appellant argues, makes appellee an "independent contractor" and thus the $200.00 per day stipend paid appellee by the company does not constitute "current wages" for personal services within the meaning of the Texas Constitution.

Findings of fact filed by the trial court were, inter alia, that appellee was paid $200.00 per day plus expenses; that appellee was an agent of the company in securing oil and gas leases; that the company controlled which leases Garcia should prospect; that the company directs Garcia on which tract to lease and for what consideration; and finally that the agreed $200.00 daily rate constituted wages. The trial court thus concluded that with the exception of $470.46, representing expense reimbursements, the balance of $3,800.00 was wages exempt from garnishment.

The testimony of appellee supported the trial court's findings. Appellee stated that he had not worked for any other company for about a year-and-a-half, that he was paid $200.00 per day plus expenses, that he billed the firm weekly or semi-monthly for payment of his compensation, and that the company did not hold out any social security or withholding taxes. Appellee stated

that the company would send him a plat of acreage in a prospect area, requesting that he do a lease check which involves checking courthouse records to determine mineral ownership (or any existing oil or gas leases), checking the indexes, tax rolls and to report his findings to Santa Fe. Appellee testified that the company would then determine what properties it wanted to lease, and instruct appellee to negotiate oil and gas leases for them. Thereafter, when the company leased the property and received a title opinion from an attorney, appellee would review the title opinion and perform any curative work or other requirements stated in the opinion. The company reimbursed appellee for expenses, such as postage, stationery, mileage, telephone bills, recording fees and the like. Appellee testified further that he did the work himself and that he was not working for anyone else during the time in question.

Texas Constitution Article XVI, Sec. 28 states: "No current wages for personal service shall ever be subject to garnishment."

Texas Rev.Civ.Stat. Ann. art. 4099 states: No current wages for personal service shall be subject to garnishment; and where it appears upon the trial that the garnishee is indebted to the defendant for such current wages, the garnishee shall nevertheless be discharged as to such indebtedness.

Appellant calls our attention to an early decision of this Court, *Brasher v. Carnation Co. of Tex.*, 92 S.W.2d 573 (Tex.Civ.App. 1936, writ dism'd), in which we held that compensation paid under the facts of that case was not exempt, since the milk hauler was an independent contractor.

Cases under the above constitutional exemption and statute should be liberally construed in favor of the wage earner. *J.M. Radford Grocery Co. v. McKean*, 41 S.W.2d 639 (Tex.Civ.App.1931, no writ); *United States v. Stelter*, 553 S.W.2d 227 (Tex.Civ.App.1977), rev'd on other grounds, 567 S.W.2d 797 (Tex.1978).

The garnishment exception for current wages applies without regard to whether compensation is denominated as "wages" or "salary," the controlling issue being whether it is compensation for personal service. *King v. Floyd*, 538 S.W.2d 166 (Tex.Civ.App.1976, writ ref'd n.r.e.). In *King*, the issue was whether a fund consisting of back pay due Houston Oiler football player Donald Floyd was subject to garnishment, where part of the fund was payment for time Floyd was injured and unable to play under the player's contract. Floyd was compelled to institute suit for collection of the back pay. Subsequently, the fund was garnished by a judgment creditor of Floyd. The court said:

> We construe the agreement to continue the salary during the period that the player is physically incapacitated to be in the nature of a bonus for satisfactory service. Under this construction of the contract the funds in the registry of the court are "current wages for personal services" and are exempt from garnishment

*Id.* at 169.

In *Prewitt v. Smith*, 528 S.W.2d 893, 896 (Tex.Civ.App.1975, no writ) this Court held that funds of the State's retirement system are "a part of a member's compensation or wages which are not subject to garnishment," citing *Byrd v. City of Dallas*, 118 Tex. 28, 6 S.W.2d 738, 741 (1928); Tex. Const. Art. XVI, Sec. 28. *Sydnor v. City of Galveston*, 15 S.W. 202 (Tex.App.1890), holds that amounts due a physician for professional services for a specific sum per day are not subject to garnishment. Bonus or commissions payable to a salesman at year's end in addition to his regular salary is exempt as current wages for personal service. *J.M. Radford Grocery Co. v. McKean*, 41 S.W.2d 639 (Tex.Civ.App.1931, no writ). Commissions on the sale of gasoline and oil, payable monthly to a service station operator, were exempt. *Alemite Co. of North Texas v. Magnolia Pet. Co.*, 50 S.W.2d 369 (Tex.Civ.App.1932, no writ).

In *Brasher, supra,* this Court was interpreting a written contract for hauling milk from the producers to the Carnation Company in Schulenburg. The contract provid-

ed, *inter alia,* that the contractor agreed to collect milk and deliver it to the company; that contractor was to furnish his own means of transportation and equipment; pay all taxes or charges in connection with his operation; furnish his own employees and perform the work in his own way; and furnish workman's compensation insurance to his own employees. It included the provision that, "It is the intention of the parties that the contractor be deemed an independent contractor." The written contract further provided for notice of termination and liquidated damages for breach. Testimony at trial showed that the Carnation Company had no control over Brasher's hours, his equipment, or the time and methods used by him in delivering such milk to its plant. The contractor paid all his own expenses, hired his own employees when needed, and generally operated without any control over the methods and details of his work by the company. This Court stated:

> The basic test of the relationship is whether the employer exercises, or reserves the right to exercise, control and direction not merely of the end sought to be obtained but also the details of its accomplishment; "not only what shall be done but how it shall be done." If he does, then the relationship of employer and employee exists. If, on the other hand, the employer or contractor is interested only in the results, and there is left to the party performing such service complete control of the details as to the method and manner of such performance, then the relationship of independent contractor exists. [citing cases]

 The facts in the case at bar are quite dissimilar to *Brasher.* Santa Fe Energy Company exercised control and direction not merely of the end sought, but reserved the right to select the particular acreages to be leased by it. No discretion was left to appellee, Garcia, under his relationship with Santa Fe. Had appellee leased the land on his own, and then offered the prospects to Santa Fe, the situation would be quite different. Appellee did not make any independent judgments, but was directed by the company as to such details as "which tract

to lease and for what consideration." Further, the company paid all of appellee's expenses of travel, telephone bills, recording fees, stationery, postage, and the like. Clearly, the evidence supports the trial court's findings of fact and conclusions of law that the details of appellee's work were directed by Santa Fe.

◼ Finally, as to appellant's final point of error that the trial court erred in failing to make additional findings of fact, we find that the request by appellant for additional findings of fact were for the most part either covered by or directly contrary to the original findings; and that such refusal to make additional findings is not reversible error. *Shelby Intern., Inc. v. Wiener,* 563 S.W.2d 324 (Tex.Civ.App.1978, no writ); *Garcia v. Ramos,* 546 S.W.2d 400 (Tex.Civ. App.1977, no writ). Further, there is nothing in the record to show that the appellant presented his request for additional findings to the trial judge. *Mosolowski v. Mosolowski,* 562 S.W.2d 24 (Tex.Civ.App.1978, no writ). Appellant's final point is overruled.

Judgment of the trial court is affirmed.