### In re AMERICAN SHELTER SYSTEMS, INC., Debtors.

**Bankruptcy No. 581–01485–S.**

United States Bankruptcy Court, W.D. Louisiana, Shreveport Division.

June 8, 1984.

Lacey P. Wallace, Shreveport, La., for Trustee.

John W. Luster, Natchitoches, La., for Richard V. Hudson.

Gene Howard, Shreveport, La., Trustee.

LeROY SMALLENBERGER, Bankruptcy Judge.

## FINDINGS OF FACT

The issue before the Court is whether an outside salesman, who was not subject to the control of the employer now in bankruptcy, is entitled to a priority claim under 11 U.S.C. Section 507(a)(3).

The claimant, Rick Hudson, did business as Pacesetter Manufacturing Housing. Mr. Hudson conducts his own company, which is in the business of selling mobile homes, called Pacesetter Manufacturing Housing. Pacesetter is a sole proprietorship. American Shelter Systems has not exercised any control over the actions of Pacesetter. Only in the event that a sale is made, does Pacesetter earn a commission. Mr. Hudson then is in the position of an outside salesman, who independently contracted with American Shelter Systems to sell mobile homes for American Shelter Systems on a commission basis.

The debtor, American Shelter Systems, has filed a petition for relief under the Bankruptcy Code. The claimant, Rick Hudson, is asserting his claim for an earned commission of $1,000.00, which was earned within 90 days before the petition for relief was filed by the debtor as a priority claim under 11 U.S.C. Section 507(a)(3).

## CONCLUSIONS OF LAW

11 U.S.C. Section 507(a) states that the following expenses and claims have a priority:

"(3) Third, allowed unsecured claims for wages, salaries, or commissions, including vacation, severance and sick leave pay—

(A) earned by an individual within 90 days before the date of the cessation of the debtor's business, whichever occurs first; but only

(B) to the extent of $2,000.00 for each such individual."

The Court is faced with an interpretation of the intent of 11 U.S.C. Section 507(a)(3). The Trustee argues that the statute was intended to cover employees within a master-servant relationship. The claimant, Mr. Hudson, argues that the statute is broader than this and covers also the commissions of outside salesmen.

To support his position the Trustee cited the following two cases:

(1) A certain bankrupt was in the business of manufacturing garments. The bankrupt would send out the materials to contractors for sewing and finishing garments. Under strict union rules, the manufacturer agreed to be responsible for the wages of the contractor's employees. Furthermore, certain contractors are designated by the union to handle the work of only certain manufacturers. Therefore, the bankrupt manufacturer used certain contractors exclusively. The employees of the contractor made a claim against the bankrupt for wages. The Court found that no master and servant relationship existed between the parties. The Court stated that for one to be entitled a priority, their claim must be such as arises from the relationship of master-servant as distinguished from a mere contractural relationship. *In Re Ageloff*, 40 F.Supp. 369 (D.C.N.Y. 1939).

(2) Historically, commission priority claims were intended for traveling

salesmen. If the priority claimant worked for the debtor as well as other sellers of goods and services, and had no obligation to devote all of his time to any one seller, and could control his time as he pleased, such a claimant would not be entitled to a priority. This is so even should the claimant be paid a commission on all that he sells. *In Re Kominers,* 252 F. 183 (D.C.N.Y.1916).

The claimant argues that the Bankruptcy Code of 1978 changed the law and is now sufficiently broad to include him within the priority of his earned commission within 90 days of bankruptcy. However, the legislative history indicates no such intent to change the law.

"Former 11 U.S.C. Section 104(a)(2) restricted the wage priority to 'workmen, servants, clerks, or traveling or city salesmen on salary or commission basis.' (No such restriction is included in the Bankruptcy Code of 1978, and it would therefore appear possible that any individual entitled to unpaid wages, salaries, or commissions would be entitled to the priority.) However, early legislative history (H.R.Doc. No. 93–137, Part II, Ninety-Third Congress, First Session, p. 112 (1972)) suggested that deletion of a lengthy description of wages and commissions allowed priority would not be intended to work a change in substance." *9A Am Jur 2d Section 704, p. 449.*

This Court believes that 11 U.S.C. Section 507(a)(3) of the Bankruptcy Code of 1978 was not intended to work a change in the substance of the law regarding which wages and commissions would be granted a priority claim in bankruptcy. The Court considers the cases cited by the Trustee to be the correct statement of the law with regard to priority claims under 11 U.S.C. Section 507(a)(3).

Therefore, the Court holds that Mr. Rick Hudson is not entitled to a priority claim under 11 U.S.C. Section 507(a)(3), and that his claim for $1,000.00 be and is ranked as an unsecured claim.