

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 23, 1996

Dr. Kenneth H. Ashworth
Commissioner
Texas Higher Education
  Coordinating Board
P.O. Box 12788
Austin, Texas 78711

Opinion No. DM-419

Re: Whether the Texas Guaranteed Student Loan Corporation may garnish the wages of a county employee for the purpose of collecting a federally guaranteed student loan (RQ-803)

The Honorable James M. Kuboviak
Brazos County Attorney
300 East 26th Street, Suite 325
Bryan, Texas 77803

Dear Gentlemen:

You have each asked this office questions concerning the garnishment or withholding of wages for unpaid student loans. Mr. Ashworth's question concerns whether, as a matter of state constitutional and statutory law, wages may be withheld from a state employee by the comptroller. Mr. Kuboviak's question concerns whether the Texas Guaranteed Student Loan Corporation, acting pursuant to a federal statute, may garnish the current wages of a Brazos County employee despite the Texas Constitution's prohibition on garnishment. Since our contrasting answers depend on their bases in either state or federal law, we are answering these questions together.

Mr. Ashworth asks whether the decision of the Texas Supreme Court in *Orange County v. Ware*, 819 S.W.2d 472 (Tex. 1991), would authorize the comptroller to withhold payroll and retirement warrants to state employees who are delinquent in repaying Hinson-Hazlewood loans.[1] *Ware* held that an offset of wages by a county which was both the employer and the creditor of the debtor, a county commissioner, did not constitute a garnishment which was constitutionally impermissible under article XVI, section 28 of the Texas Constitution. While as a consequence of *Ware* such withholding by the comptroller may not constitute a constitutionally impermissible garnishment of current wages, the comptroller is nevertheless without statutory authority to take such an action.

---

[1]The Hinson-Hazlewood College Student Loan Program, established pursuant to article III, section 50b of the Texas Constitution, *see* 19 T.A.C. § 21.53, is administered by the Texas Higher Education Coordinating Board pursuant to the rules set forth in title 19, chapter 21, subchapter C of the Texas Administrative Code.

Before its amendment in 1991, section 403.055 of the Government Code would have permitted the comptroller to withhold a payroll warrant or other compensation to a state employee. It then read in relevant part, "A warrant may not be issued to a person . . . if the person is indebted . . . to the state, . . . until the debt . . . [is] paid." However, when section 403.055 was amended by the Seventy-second Legislature, among the amendments was the addition of section 403.055(c), which states, "This section does not prohibit the comptroller from issuing a warrant to pay the compensation of a state officer or employee." Act of May 26, 1991, 72d Leg., R.S., ch. 641, § 7, 1991 Tex. Gen. Laws 2357, 2359-60. The plain language of this amendment, as well as its legislative history, makes it clear that the comptroller is authorized to pay the compensation of state officers and employees who owe debts to the state. *See* House Comm. on State Affairs, Bill Analysis, S.B. 1095, 72d Leg., R.S. (1991). Moreover, precisely the same language was added by the Seventy-second Legislature to subsection (e) of section 57.48 of the Education Code, which had before amendment flatly prohibited the comptroller from issuing warrants to persons who defaulted on Guaranteed Student Loans. Act of May 26, 1991, 72d Leg., R.S., ch. 641, § 1, 1991 Tex. Gen. Laws 2357, 2357-59. These amendments taken together evidence a clear legislative intent to exempt compensation of state officers and employees from the comptroller's power to withhold warrants from debtors and defaulters.

That being the case, the comptroller must issue such warrants as a matter of law. Government Code section 403.056 requires the comptroller, after certain procedures are completed, to "deliver the warrant to the person entitled to receive it." Government Code section 403.072 requires the comptroller to accept payroll claims from state agencies and prepare warrants to pay for such claims. Government Code section 404.069(a) provides that warrants to withdraw money from trust funds held by the treasurer "shall be issued by the comptroller." The issuing of such warrants is not discretionary; it is a ministerial duty. *See Lightfoot v. Lane*, 140 S.W. 89 (Tex. 1911) (holding that comptroller could not refuse to issue warrant for attorney general's salary.)

Retirement benefits, like wages and salaries, constitute compensation. *See, e.g., Prewitt v. Smith*, 528 S.W.2d 893, 896 (Tex. Civ. App.--Austin 1975, no writ); *Davidson Texas, Inc. v. Garcia*, 664 S.W.2d 791, 793 (Tex. Civ. App.--Austin 1984, no writ). Accordingly, like salary warrants, such benefits must be paid to those entitled to them, even if such persons have defaulted on Hinson-Hazlewood loans, pursuant to section 403.055(c) of the Government Code.

Should the legislature find this result unfortunate and desire to remedy it, it may of course do so. We caution, however, that any such legislation must consider the question of due process. A salary or retirement warrant is valuable property, and the Fifth and Fourteenth Amendments to the United States Constitution require that such property not be taken without due process of law. The requirement of due process is that a deprivation of this nature must "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313

(1950). What process may be due in a particular case was generally adumbrated by the Supreme Court in *Matthews v. Eldridge*, 424 U.S. 319, 334-35:

> [I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an adverse deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

The *Matthews* yardstick is a flexible one. The United States Court of Appeals for the Fifth Circuit has on occasion found even informal procedures sufficient to meet due process requirements. *See Nimon v. Resolution Trust Corp.*, 975 F.2d 240, 247 (5th Cir. 1992). However, we believe it would be most prudent for the legislature, should it decide to address this matter by statute, to include notice and hearing requirements in the statute as well.

In the light of our answer to Mr. Kuboviak's question, however, it may not be necessary for the legislature to address the matter, as we will presently explain. Mr. Kuboviak asks whether the Texas Guaranteed Student Loan Corporation ("TGSLC") may garnish the current wages of an employee of Brazos County despite the provision of article XVI, section 28 of the Texas Constitution, the same provision which was at issue in *Ware*. Because the statutory basis on which the TGSLC is acting is 20 U.S.C. § 1095a(a), a federal statute which explicitly preempts state law, the Texas Constitution's prohibition of such garnishment is ineffective in this case.

Article VI of the Constitution of the United States provides, in relevant part, "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, *any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.*" U.S. Const. art. VI (emphasis added).

In this instance, the language of 20 U.S.C. § 1095a(a) expressly pre-empts any contrary state law. It reads, "Notwithstanding any provision of State law, a guaranty agency . . . may garnish the disposable pay of an individual to collect the amount owed by the individual . . . ." This language makes it clear that the Texas Constitution and statutes may not be interposed to prevent TGSLC as a guaranty agency from proceeding to garnish the wages of an employee of Brazos County.

That being the case, TGSLC has among the tools at hand for its collection of the federally guaranteed loans which it administers, the ability to garnish current wages of

defaulting state employees, pursuant to 20 U.S.C. 1095a(a). The procedure by which it can effect such garnishment is defined by the statute, which provides for predeprivation notice and opportunity to be heard. To the extent that Hinson-Hazlewood loans are subject to the Federal Family Education Loan Program, *see* 19 T.A.C. § 21.54, defaulters are subject to garnishment by TGSLC. It may well be therefore that the availability of this remedy would obviate the necessity for any amendment of section 403.055 of the Government Code or section 54.78 of the Education Code. Such a decision, of course, is within the province of the legislature rather than this office.

## S U M M A R Y

Section 403.055 of the Government Code and section 57.48 of the Education Code prohibit the comptroller from withholding salary or retirement warrants from persons who are delinquent in repaying Hinson-Hazlewood college student loans. However, the Texas Guaranteed Student Loan Corporation, pursuant to 20 U.S.C. § 1095a(a) has the authority to garnish the wages of persons who default on Federal Family Education Loan Program loans, including state and county employees, despite the stricture of article XVI, section 28 of the Texas Constitution.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James E. Tourtelott
Assistant Attorney General