**Phil CAMPBELL and Gina Stucki, Appellants,**

v.

**Paul Daniel STUCKI, Appellee.**

**No. 12–05–00159–CV.**

Court of Appeals of Texas, Tyler.

March 30, 2007.

564

Phil Campbell, pro se.

John F. Campbell, II, for appellant.

Gregory Pitts, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

SAM GRIFFITH, Justice.

Phil Campbell and Gina Lee Stucki appeal two orders of the trial court, presenting six issues for our review. We reverse and remand.

### BACKGROUND

On August 27, 2004, the trial court reformed its decree of divorce between Gina and Paul Daniel Stucki. Gina was awarded child support and a fifty percent interest in Paul's insurance renewal commissions payable on policies written before May 26, 2004. Campbell, Gina's attorney, was awarded attorney's fees.[1] The trial court issued writs of garnishment against Bankers Life and Casualty Company on December 9, 2004 and January 4, 2005. Bankers Life filed an answer admitting that it was indebted to Paul.[2] On January 20, 2005, Paul, appellee and judgment debtor, filed an amended motion to dis-

solve the writs of garnishment. In the motion and attached affidavit, Paul stated that two writs of garnishment were issued to his employer, Bankers Life, and that the funds being held by Bankers Life represented the entire amount of his current wages, less child support. Paul stated that these funds were exempt from garnishment pursuant to section 63.004 of the Texas Civil Practice and Remedies Code and Article XVI, Section 28 of the Texas Constitution.

Campbell and Gina denied Paul's claim that these funds were exempt from garnishment. They noted that Paul made certain admissions regarding his relationship with Bankers Life in response to their requests for admissions. Specifically, Campbell and Gina stated that Paul admitted he was an independent contractor under the terms of his agency contract with Bankers Life. Because he was paid commissions, not wages and salary, Campbell and Gina maintained that the funds were the proper subject of a garnishment action. On January 21, the trial court held a hearing on the writs of garnishment. On that same date, the trial court issued a letter ruling dissolving the writs. The trial court found that Paul was an independent contractor for Bankers Life, but concluded that he received compensation for personal services that was exempt pursuant to Article XVI, Section 28 of the Texas Constitution. The order dissolving the writs of garnishment was signed by the trial court on January 24. The trial court also ordered that attorney's fees in the amount of $2,000 for Paul's attorney and $2,000 for

---

1. We take judicial notice of the August 27, 2004 divorce decree, which is included in the appellate record in our cause number 12–04–00290–CV, 222 S.W.3d 116, 2006 WL 2106969. See In re Estate of York, 934 S.W.2d 848, 851 (Tex.App.-Corpus Christi 1996, no writ); see also Tex.R. Evid. 201(c).

2. These allegations regarding the issuance of the writs of garnishment and the filing of Bankers Life's answer were included in Campbell and Gina's brief. Paul did not file a brief; thus, we take these facts as true. See Tex.R.App. P. 38.1(g).

Bankers Life's attorney be taxed against Campbell and Gina.

On January 28, Paul filed a motion for release of funds following the dissolution of the writs of garnishment, requesting that the trial court enter an order allowing the withdrawal of any and all funds that had been or would be deposited into the registry of the court by Bankers Life. Bankers Life filed a motion for interpleader on January 31, depositing the disputed funds into the registry of the trial court. On the same date, the trial court coordinator sent a notice of hearing on Paul's motion to the attorneys of record, setting the hearing for February 4 at 8:30 a.m. Also on January 31, the trial court signed an order to release the funds deposited into the registry of the court for Paul's benefit. The trial court also ordered that attorney's fees in the amount of $2,000 for Paul's attorney and $2,000 for Bankers Life's attorney be taxed against Campbell and Gina. On February 9, Campbell and Gina filed a motion to set aside both orders, stating that the order dissolving the writs of garnishment was signed by the trial court only three days after the hearing, no copy of the order was served on the opposing parties, and the order did not include a signature line for the opposing attorneys to approve the order as to form. Further, Campbell and Gina stated that the order to release the garnished funds was signed by the trial court before the date set for the hearing on the motion to release the funds and no proposed order was provided to the opposing attorneys before the order was signed. Campbell and Gina alleged that these actions by the trial court violated their constitutional due process rights and the local rules of Smith County regarding hearings and entering of orders after a hearing. This appeal followed.

### GARNISHMENT

In their first issue, Campbell and Gina contend that the trial court erred in con-cluding that the insurance commissions, both first year and renewal, payable to Paul were "compensation for personal services" and exempt from garnishment.

### Standard of Review

We review questions of law de novo. *State v. Heal,* 917 S.W.2d 6, 9 (Tex. 1996); *Barber v. Colorado Indep. Sch. Dist.,* 901 S.W.2d 447, 450 (Tex.1995). The standard of review for conclusions of law is whether they are correct. *Dickerson v. DeBarbieris,* 964 S.W.2d 680, 683 (Tex. App.-Houston [14th Dist.] 1998, no pet.). We will uphold conclusions of law on appeal if the judgment can be sustained on any legal theory the evidence supports. *Material P'ships, Inc. v. Ventura,* 102 S.W.3d 252, 257 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). Thus, incorrect conclusions of law do not require reversal if the controlling findings of fact support the judgment under a correct legal theory. *Id.*

### Applicable Law

Article XVI, Section 28 of the Texas Constitution states that "[n]o current wages for personal service shall ever be subject to garnishment, except for the enforcement of court-ordered child support payments." TEX. CONST. art. XVI, § 28; TEX. CIV. PRAC. & REM.CODE ANN. § 63.004 (Vernon Supp.2006). This statute should be liberally construed in favor of the wage earner. *Davidson Texas, Inc. v. Garcia,* 664 S.W.2d 791, 793 (Tex.App.-Austin 1984, no writ); *King v. Floyd,* 538 S.W.2d 166, 168 (Tex.Civ.App.-Houston [1st Dist.] 1976, writ dism'd n.r.e.) (citing *Radford Grocery Co. v. McKean,* 41 S.W.2d 639, 640 (Tex. Civ.App.-Fort Worth 1931, no writ)). The term "wages for personal service" necessarily implies a relationship of master and servant, or employer and employee, and

excludes compensation due to an independent contractor as such. *Brasher v. Carnation Co.,* 92 S.W.2d 573, 575 (Tex.Civ. App.-Austin 1936, writ dism'd).

### Analysis

■ In response to requests for admissions, Paul admitted that he was an independent contractor under the terms of his agency contract with Bankers Life. At trial, Jerald Lynn Ellis, the Tyler branch manager for Bankers Life, testified that Paul operated under an agency contract with Bankers Life, which stated that he was an independent contractor. Further, Ellis described Paul's business relationship with Bankers Life and stated that Paul was an independent contractor, not an employee. The trial court then found that Paul was an independent contractor. Campbell and Gina do not challenge this finding. They challenge only the trial court's conclusion that Paul's commissions are exempt from garnishment.

As previously stated, the term "wages for personal service" excludes compensation due to an independent contractor as such. *Id.* Because the trial court found that Paul was an independent contractor, his commissions are not "wages for personal service" and are not exempt from garnishment. *See Pitts,* 545 S.W.2d at 36; *Shahan v. Biggs & Co.,* 123 S.W.2d 686, 690 (Tex.Civ.App.-Fort Worth 1938, no writ); *Brasher,* 92 S.W.2d at 575. Therefore, the trial court's conclusion that Paul received compensation for personal service that was exempt from garnishment was incorrect as a matter of law. *See Dickerson,* 964 S.W.2d at 683. Campbell and Gina's first issue is sustained.

### AWARD OF ATTORNEY'S FEES TO PAUL'S ATTORNEY

■ In their second issue, Campbell and Gina contend that the trial court abused its discretion by awarding Paul's attorney $2,000 in attorney's fees against them in the order dissolving the writs of garnishment. A trial court's decision to award attorney's fees is reviewed for an abuse of discretion. *Ridge Oil Co., Inc. v. Guinn Invs., Inc.,* 148 S.W.3d 143, 163 (Tex.2004). Generally, the prevailing party in a suit may recover costs from the opposing party. TEX.R. CIV. P. 131. However, attorney's fees may not be recovered unless provided for by statute or by contract between the parties. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75, 77 (Tex.1992); *Henry v. Ins. Co. of N. America,* 879 S.W.2d 366, 368 (Tex.App.-Houston [14th Dist.] 1994, no writ). In the rules of civil procedure regarding garnishment, the only rule providing for the recovery of costs allows the garnishee, not a judgment debtor, to recoup attorney's fees under certain circumstances. TEX.R. CIV. P. 677. The civil practice and remedies code does not provide for the recovery of attorney's fees by a judgment debtor. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 63.001–.003, 63.005 (Vernon 1997), §§ 63.004, 63.006–.008 (Vernon Supp.2006). Moreover, we can find no case law allowing a judgment debtor to recover attorney's fees.

■ Further, Paul did not request attorney's fees in his motion to dissolve the writs of garnishment. A judgment must be supported by the pleadings and, if not, it is void. *R. Conrad Moore & Assoc., Inc. v. Lerma,* 946 S.W.2d 90, 96 (Tex.App.-El Paso 1997, writ denied); *State v. Estate of Brown,* 802 S.W.2d 898, 900 (Tex.App.-San Antonio 1991, no writ). A party may not be granted relief in the absence of pleadings to support that relief. *Lerma,* 946 S.W.2d at 96; *Estate of Brown,* 802 S.W.2d at 900. Absent a mandatory statute, a trial court's jurisdiction to render a judgment for attorney's fees must be invoked

by pleadings, and a judgment not supported by pleadings requesting attorney's fees is a nullity. *Lerma,* 946 S.W.2d at 96; *Estate of Brown,* 802 S.W.2d at 900. Because Paul did not request attorney's fees and there is no mandatory statute or rule that provides for a judgment debtor to recovery attorney's fees, we conclude that the trial court abused its discretion when it awarded attorney's fees to Paul's attorney. Campbell and Gina's second issue is sustained.

### AWARD OF ATTORNEY'S FEES TO BANKERS LIFE'S ATTORNEY

In their third issue, Campbell and Gina argue that the trial court erred by awarding Banker's Life's attorney $2,000 in attorney's fees against them in the order dissolving the writs of garnishment. Campbell and Gina argue that Paul's amended motion to dissolve the writs of garnishment should have been denied and that if they had been successful in garnishing any funds on deposit with Bankers Life, the award of attorney's fees to Bankers Life should have been assessed against the funds garnished from Paul. As authority for their contention, Campbell and Paul cite *Henry v. Insurance Co. of N. Am.,* 879 S.W.2d 366, 369 (Tex.App.-Houston [14th Dist.] 1994, no writ). The court in *Henry* relied upon Texas Rule of Civil Procedure 677 regarding costs in a garnishment proceeding, which states as follows:

> Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution provided for in this section; where the answer is contested, the costs shall abide the issue of such contest.

Tex.R. Civ. P. 677. In its opinion, the court stated that this rule has consistently been construed to afford the garnishee recovery of attorney's fees expended in answering the writ of garnishment. *Henry,* 879 S.W.2d at 369. Further, the court determined that "if the judgment debtor is a party to the suit and unsuccessfully contests the garnishee's answer, the garnishee's attorney's fees are assessed against him." *Id.* In this case, the judgment debtor, Paul, successfully contested the garnishee's answer in the trial court and his motion to dissolve the writs of garnishment was granted. However, we previously concluded that the writs of garnishment were dissolved in error. Because Paul now becomes the unsuccessful party in the contest, Banker's Life's attorney's fees, if any, should be taxed against the unsuccessful litigant of the contest, Paul. *See* Tex.R. Civ. P. 677. Campbell and Gina's third issue is sustained.

### LOCAL RULES

In their fifth issue, Campbell and Gina contend that the trial court erred by signing the order dissolving the writs of garnishment because it failed to comply with the local rules of Smith County regarding entering orders after a hearing. Campbell and Gina point out that rule 5 of the Local Smith County Rules of Civil Trial provides for a hearing if the parties cannot agree on the form of an order after a contested hearing. SMITH CO. (TEX.) LOC. R. CIV. TRIAL 5. Although rule 5 of the Local Rules of Civil Trial requires moving counsel to amend a proposed order or request a hearing if objections to the form or the substance of the order are made, we conclude that rule 13 of the Local Rules of Practice Family Law Cases governs this case. SMITH CO. (TEX.) LOC. R. CIV. TRIAL 5; SMITH CO. (TEX.) LOC. R. PRACTICE FAM. LAW 13. Local Rule 13 has no such mandate, but

states that if an objection to a proposed order is received, the trial court may, but is not required, to set the matter for hearing. SMITH CO. (TEX.) LOC. R. PRACTICE FAM. LAW 13. Because the trial court was not required to set a hearing on a proposed order, we conclude that the trial court did not violate this portion of rule 13 of the Local Rules of Practice Family Law. *See* SMITH CO. (TEX.) LOC. R. PRACTICE FAM. LAW 13.

■ Campbell and Gina also contend that the trial court signed the order on the same day that the proposed order was submitted to the trial court and the other parties in contravention of the local rules. They did not point out which local rule they contend was violated by the trial court's action. Local Rule 13 states that after a proposed motion has been submitted to the trial court, the order will be submitted if no objection to the proposed order is received within ten days. SMITH CO. (TEX.) LOC. R. PRACTICE FAM. LAW 13. The order dissolving the writs of garnishment was signed on January 24, only three days after the trial court's letter ruling and, thus, before the expiration of the ten days allowed for the other party or parties to object. However, as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. TEX.R.APP. P. 33.1(a)(1)(A). In this case, Campbell and Gina filed a motion to set aside the order dissolving the writs of garnishment on February 9, sixteen days after the order was signed. Moreover, the trial court must have ruled on the request, objection, or motion either expressly or implicitly or refused to rule on the request, objection,

or motion, and the complaining party objected to the refusal. TEX.R.APP. P. 33.1(a)(2)(A), (B). Campbell and Gina never asked the trial court to rule on their motion to set aside this order. Because their objection to the order was not timely and the trial court was never asked to rule on their motion, Campbell and Gina waived their complaint that the trial court violated the local rules.

Campbell and Gina's fifth issue is overruled.

### ORDER TO RELEASE FUNDS

■ In their fourth issue, Campbell and Gina contend that the trial court erred in awarding attorney's fees to both Paul's attorney and Bankers Life's attorney in the order to release funds. Because the trial court did not hear Paul's motion for release of garnished funds, they argue that there was no evidence of attorney's fees. In their sixth issue, Campbell and Gina argue that the trial court erred by signing the order to release funds in violation of their constitutional due process rights and in violation of the local rules of Smith County regarding hearings and entering orders after a hearing. Specifically, they contend that the trial court signed the order to release funds on the same date as the court coordinator scheduled a hearing on Paul's motion for release of the garnished funds. Therefore, the trial court never conducted a hearing on the motion in violation of their due process rights and the local rules.

■ The Fourteenth Amendment of the United States Constitution protects against deprivation of life, liberty, or property by the State "without due process of law." U.S. CONST. amend. XIV, § 1; *Covarrubias v. Tex. Dep't Criminal Justice–Inst. Div.*, 52 S.W.3d 318, 324 (Tex.App.-Corpus Christi 2001, no pet.). The Texas Constitution states that no citizen of this

state shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the "due course of the law of the land." Tex. Const. art. I, § 19. In the area of procedural due process, the protections afforded under the Texas Constitution are congruent with those in the federal constitution. *Ray v. Tex. State Bd. of Pub. Accountancy,* 4 S.W.3d 429, 433 (Tex.App.-Austin 1999, no pet.). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Armstrong v. Manzo,* 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965). In other words, due process at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Covarrubias,* 52 S.W.3d at 324; *Ray,* 4 S.W.3d at 433. Some Texas courts have also defined the minimum as requiring the presence of the "rudiments of fair play." *Ray,* 4 S.W.3d at 433 (citing *State v. Crank,* 666 S.W.2d 91, 94 (Tex.1984)).

In this case, on January 28, Paul filed his motion for release of funds following dissolution of the writs of garnishment. On January 31, Bankers Life deposited the disputed funds into the registry of the court and the trial court coordinator set a hearing on Paul's motion for February 4. Also on January 31, the trial court signed an order to release the funds deposited into the registry of the court and awarded attorney's fees to Paul's and Bankers Life's attorneys. There was no hearing on Paul's motion. Rule 21 of the Texas Rules of Civil Procedure states that any notice of hearing shall be served upon all other parties not less than three days before the time specified for the hearing. Tex.R. Civ. P. 21. Although Campbell and Gina were

served with notice of the hearing within the time allowed, the trial court did not hear the motion, but signed it on the day that the notice of hearing was sent. By its actions, the trial court deprived Campbell and Gina of the fundamental requirement of due process, an opportunity to be heard. *See Armstrong,* 380 U.S. at 550, 85 S.Ct. at 1190; *Covarrubias,* 52 S.W.3d at 324; *Ray,* 4 S.W.3d at 433. Because Campbell and Gina were deprived of any opportunity to be heard on Paul's motion, they were denied fundamental due process when the trial court signed the order releasing the garnished funds from the registry of the court and awarding attorney's fees to Paul's attorney and Bankers Life's attorney. *See Armstrong,* 380 U.S. at 550, 85 S.Ct. at 1190. Campbell and Scott's fourth and sixth issues are sustained.

### Reply Brief

In their reply brief, Campbell and Gina contend that res judicata precludes the trial court's ruling on Paul's renewal commissions and that section 9.011(b) of the Texas Family Code created a fiduciary obligation for Paul and, thus, his renewal commissions were held in constructive trust for Gina's benefit. Paul did not file an appellee's brief. Bankers Life's brief addressed only the issues regarding its awards of attorney's fees. An appellant may file a reply brief addressing any matter in the appellee's brief. Tex.R.App. P. 38.3. However, a reply brief is not intended to allow Campbell and Gina to raise new issues. *See* Tex.R.App. P. 38.3; *Lopez v. Montemayor,* 131 S.W.3d 54, 61 (Tex. App.-San Antonio 2003, no pet.). Therefore, these arguments are not properly before this court. *See Lopez,* 131 S.W.3d at 61.

Campbell and Gina also contend in their reply brief that this appeal is

not moot. They expressly couched their argument against mootness out of an abundance of caution that such issue may have been raised by Bankers Life in its brief. Bankers Life mentioned in its statement of facts that on June 14, 2003, the trial court ordered that the garnished funds in possession of Bankers Life be paid to Paul, endorsed by Paul for deposit into his attorney's trust account, and paid directly to the Internal Revenue Service for payment of federal income taxes owed jointly by Paul and Gina. Paul did not file a brief; thus, we take these facts as true. *See* Tex.R.App. P. 38.1(g). Bankers Life also attached the agreed order to its brief. A court's post judgment orders regarding disputed funds cannot moot the appeal of the judgment itself. *Wrigley v. First Nat'l Security Corp.*, 104 S.W.3d 259, 263 (Tex.App.-Beaumont 2003, no pet.). Thus, Campbell and Gina's appeal is not moot.

### *Disposition*

Having sustained Campbell and Gina's first, second, third, fourth, and sixth issues, we *reverse* the order dissolving the writs of garnishment and the order to release the garnished funds and *remand* this case to the trial court for proceedings consistent with this opinion.