# NO. 12-22-00013-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE MATTER OF THE ESTATE* | § | *APPEAL FROM THE* |
|  | § | *COUNTY COURT* |
| *OF JOANN AUSTIN, DECEASED* | § | *WOOD COUNTY, TEXAS* |

## MEMORANDUM OPINION

Karen Dodd-Schorlemer (K.D.S.) appeals the trial court's order granting Appellee Shirley Ivy's application for determination of ownership and disposition of funds in favor of the residual heirs.[1]  In two issues, K.D.S. argues that (1) the trial court erred in conducting a final evidentiary hearing without proper notice in violation of her due process rights, and (2) its determination of ownership and disposition of funds was improper.  We reverse and remand.

## BACKGROUND

On May 5, 2017, Joann Austin purchased Wood County National Bank Certificate of Deposit number 43651 (CD43651) with an initial deposit of $95,000.  CD43651, which Austin purchased in her name, was payable on death to K.D.S.  Several months later, Austin purchased Certificate of Deposit number 43755 (CD43755), which was payable on death in equal shares to K.D.S. and one of her sons, Appellee Scott Atteberry.

On July 25, 2018, when Austin was very ill, she executed a power of attorney in which she named her son, Bruce Atteberry, as her agent.  On July 27, Bruce cashed in both CDs and deposited the $95,711.32 in funds from CD43651 into a newly-opened savings account (Account

---

[1] The Appellees are Paul Atteberry, Margaret Atteberry, Scott Atteberry, Troy Atteberry, and Shirley Ivy.

604069245) in Austin's name and payable on death to himself.[2]  Bruce deposited the funds from CD43755 into a separate savings account (Account 60406925) in Austin's name and payable on death to K.D.S. and Scott.

Austin died on August 3, 2018.  Sometime thereafter, Ivy produced Austin's will to the trial court and was named executrix of Austin's estate.

Counsel for the estate filed an "inventory, appraisement, and list of claims," which noted K.D.S.'s claim to the savings account, which contained funds yielded from the CDs that either partially or completely were payable on death to K.D.S.  The residual heirs to the estate reached an interim family settlement agreement by which (1) uncontested estate assets would be distributed, (2) funds from Account 604069252 would be assigned to K.D.S. and Scott as a nontestamentary asset, and (3) the disputed funds in Account 604069245 would remain undistributed.  The trial court approved the interim family settlement agreement.

On February 11, 2020, Ivy, as executrix, filed an "application for determination of ownership and disposition of funds" to distribute the $95,821.21 from the "Certificate of Deposit Dispute," either to K.D.S. or as a residuary estate asset to be distributed evenly to the residual heirs.  K.D.S. filed an application for review of Bruce's conduct as agent for Austin, pursuant to Texas Estates Code, Section 751.251, asserting self-dealing.  K.D.S. also filed a motion to direct the executrix to distribute the disputed funds to her or, alternatively, to place the funds in the registry of the court.  In her motion, K.D.S. argued that Austin's power of attorney did not provide Bruce with authority to change the payable-on-death beneficiary of the funds from K.D.S. to Bruce.  On August 19, 2021, Ivy filed a request for hearing on her application.  On August 24, the County Court Administrator notified all legal counsel that the court would conduct an in-person hearing on the matter for September 17, at 1:00 p.m.  On September 15, K.D.S. retained new counsel, who filed motions with the court, which resulted in the September 17 hearing's being canceled.

On October 1, counsel for Appellee Paul Atteberry[3] sent the court administrator a letter, which reads as follows:

---

[2] Bruce later disclaimed his payable on death right to these funds, which became part of the residuary of Austin's estate.

[3] On February 7, 2023, Paul's counsel filed a Suggestion of Death, which states that Paul died on February 1, 2023.

I write to you regarding resetting the hearing that was set for September 17, 2021[,] and was removed from the docket after [K.D.S.] filed (1) an Application for Review of Agent Conduct under section 751.251 of the Texas Estates Code[] and (2) a Motion to Direct Executrix to Distribute Funds to [K.D.S.], and had a citation issued in regard to these pleadings.

The Dispute which requires a hearing before the Court involves the right of ownership of a savings account owned by Jo Ann Austin at the date of her death. The savings account in the amount of $95,711.32 was held at Wood County National Bank in Quitman under the account ending in 9245 (the "9245 Account"). The funds that were held in the 9245 Account are now on deposit in the Estate of Jo Ann Austin under the control of Shirley Wheeler Ivy, Executor of the Estate of Jo Ann Austin, Deceased.

The essence of the dispute over the 9245 Account is that the residual heirs (excluding [K.D.S.)] want the funds from the 9245 Account distributed to all six children of Jo Ann Austin who are the residual heirs, while [K.D.S.] wants the funds from the 9245 Account distributed to her alone by reason of a prior pay on death designation to her on a certificate of deposit that was cancelled by Bruce Atteberry, acting under a Power of Attorney for Jo Ann Austin.

The parties may agree to mediate, but if no settlement is reached, we may need to [have] a hearing. I request that the Court set this dispute for a half day hearing on Friday, November 12, 2021[,] at 1:00 p.m.

Please advise me as soon as possible concerning this request for hearing. Thank you.

On October 28, Paul filed an application for an order to distribute the funds at issue to the residual heirs.

On November 4, the court administrator emailed the parties to remind them that "an in-person hearing" was set for 1:00 p.m. on November 12.[4] The subject line of this email read, "Hearing set for Case 13358 - Austin set for November 12[.]" In response, on November 10, K.D.S.'s counsel emailed the court administrator along with the other parties to request clarification about the nature of the hearing. Specifically, he inquired, "Is this a hearing on multiple motions/applications? Only specific motions/applications? Is this an informal trial?" On the afternoon of November 10, the court administrator sent an email to all parties, in which she clarified that the November 12 hearing was to be a "status hearing on what are the next steps for this matter." In her email, the court administrator noted, "This is not a trial." That same day, at 5:18 p.m., Paul sent an email to the court administrator and all parties in which he stated that

---

[4] In his brief, Paul states that on October 4, 2021, the court administrator emailed the parties that the hearing reset requested by Ivy was set for hearing on November 12, 2021, at 1:00 p.m. For this proposition, Paul cites to the appendix to his brief. We have reviewed the record and cannot locate this email. Therefore, because this email is outside the appellate record, we cannot consider it. *See **Hogg v. Lynch, Chappell & Alsup, P.C.**, 480 S.W.3d 767, 773 (Tex. App.–El Paso 2015, no pet.) (with limited exceptions not material here, appellate court may not consider matters outside appellate record).

he "would appear at the November 12, 2021, hearing ready to proceed, and that he would urge the Judge to make rulings on 'dispositive matters' at the hearing."[5]

On the morning of the November 12th hearing, K.D.S. filed a written objection to the extent the trial court would be conducting anything other than a "status hearing" on that day. K.D.S.'s objection noted that (1) Paul's October 1 letter merely was a "request" that a hearing be held on November 12 and did not state that a hearing had been set for that date, (2) his letter did not specify which of the motions/pleadings/applications on file, several of which involved the right of ownership of the funds in question, he was seeking to have heard on November 12, (3) conducting a hearing on any of the pending motions/pleadings/applications without being served with adequate written notice at least three days in advance would violate Texas Rule of Civil Procedure 21(b), and (4) without K.D.S.'s being given adequate notice of what is being heard at the hearing, the hearing would be tantamount to a prohibited "trial by ambush."

At the hearing, the trial court indicated that it planned to "allow some testimony."[6] In response, K.D.S.'s counsel objected to the conduct of anything other than a status hearing. Nevertheless, the trial court conducted an extensive evidentiary hearing regarding the ownership of the disputed funds. During the hearing, the trial court heard the testimony of five witnesses. At the conclusion of the hearing, the trial court took the matter under advisement.

On December 3, the trial court signed an order granting Paul's application to distribute funds among all residual heirs.[7] Paul filed a motion for judgment nunc pro tunc, in which he argued that the December 3 order should have stated that the relief granted was pursuant to Ivy's application rather than his. On April 12, 2022, the trial court signed a judgment nunc pro tunc in

---

[5] As K.D.S. notes in her reply, while a copy of this email is attached as an Appendix to Paul's brief, it does not appear to be part of the record on appeal. *See* **Hogg**, 480 S.W.3d at 773. However, we note that the quoted language is taken directly from K.D.S.'s brief. *See* TEX. R. APP. P. 38.1(g) (in civil case, court will accept as true facts stated in appellant's brief unless another party contradicts them; statement must be supported by record references). We further note that a reference to this email and its substance, i.e., that Paul "seemingly [would] be seeking to go forward on dispositive or evidentiary matters" at the hearing, appears in the Clerk's Record in K.D.S.'s "Supplement to Objection to Hearing."

[6] K.D.S.'s counsel appeared at the hearing. K.D.S. was not present.

[7] The order sets forth that it was based on the consideration of evidence and testimony given at the November 12, 2021 hearing.

accord with Paul's motion.[8]  K.D.S. filed a motion for new trial, which was overruled. Thereafter, the trial court made written findings of fact and conclusions of law.  This appeal followed.

## NOTICE OF HEARING

In her first issue, K.D.S. argues that the trial court abused its discretion in conducting the evidentiary hearing on Ivy's application over her objection and in violation of her due process rights because she did not receive proper notice of that hearing.  A trial court's action in conducting a hearing on a motion without proper notice will not be disturbed on appeal absent an abuse of discretion.  *See **Buruato v. Mercy Hosp. of Laredo***, 2 S.W.3d 385, 287 (Tex. App.–San Antonio 1999, pet. denied).  A trial court abuses its discretion by failing to adhere to guiding rules and principles.  ***Nath v. Texas Children's Hosp.***, 446 S.W.3d 355, 371 (Tex. 2014).

The Fourteenth Amendment of the United States Constitution protects against deprivation of life, liberty, or property by the State "without due process of law."  U.S. CONST. amend. XIV, § 1.  The Texas Constitution states that no citizen of this state shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the "due course of law of the land."  TEX. CONST. art. I, § 9.  An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.  ***Campbell v. Stucki***, 220 S.W.3d 562, 570 (Tex. App.–Tyler 2007, no pet.).  At a minimum, due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner.  *See **id.***; *see also **Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.***, 300 S.W.3d 348, 363 (Tex. App.–Dallas 2009, pet. denied).  Some Texas courts also have defined this "minimum" as requiring the presence of the "rudiments of fair play."  ***Campbell***, 220 S.W.3d at 570.

An application to the court for an order and notice of any hearing thereon must be served upon all other parties not less than three days before the time specified for the court proceeding,

---

[8] K.D.S. has appealed the trial court's order granting Paul's application and the judgment nunc pro tunc together.  We will refer to these two orders collectively as the trial court's "Order Granting Application to Distribute Estate Funds to Residual Heirs."

unless otherwise provided by these rules or shortened by the court. *See* TEX. R. CIV. P. 21(b).[9] The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. ***Retzlaff v. GoAmerica Communications Corp.***, 356 S.W.3d 689, 695 (Tex. App.–El Paso 2011, no pet.) (citing ***Mullane v. Cent. Hanover Bank & Trust Co.***, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950)). Because Rule 21a's notice of hearing requirement is set forth as being part and parcel to an application to the court for an order, it is logical that, unless the notice of hearing is part of or attached to such an application, it must reference the application or motion which will be the subject of the hearing. *See* TEX. R. CIV. P. 21(b).

**Discussion**

In the instant case, Ivy filed a request for hearing on her application on August 19, 2021. On August 24, the court administrator notified all legal counsel that the court would conduct an in-person hearing on Ivy's application on September 17, 2021, at 1:00 p.m. But that hearing was canceled.

On October 1, 2021, Paul sent the court administrator a letter requesting that the cancelled September 17 hearing be reset for a half-day hearing on Friday, November 12, 2021, at 1:00 p.m. On November 4, the court administrator emailed the parties to remind them that "the hearing" in the case was set for 1:00 p.m. on November 12. In response, on November 10, K.D.S.'s counsel emailed the court coordinator along with the other parties to request clarification about the nature of the hearing referenced in the reminder email. Specifically, he inquired, "Is this a hearing on multiple motions/applications? Only specific motions/applications? Is this an informal trial?" On the afternoon of November 10, the court administrator sent an email to all parties, in which she clarified that the November 12 hearing was to be a "status hearing on what are the next steps for this matter." In her email, the court administrator noted, "This is not a trial."

Based on the information in the record before us, K.D.S.'s counsel's confusion expressed in his email to the court coordinator is understandable. Nonetheless, we note that when a

---

[9] The Texas Rules of Civil Procedure apply to probate proceedings only to the extent they do not differ from the procedure established by the Probate Code (now Estates Code). *See* ***Wojcik v. Wesolick***, 97 S.W.3d 335, 338 (Tex. App.–Houston [14th Dist.] 2003, no pet.). The parties do not argue the existence of any provision of the Estates Code, nor is this Court aware of any such provision, which negates the application of Texas Code of Civil Procedure 21 to the hearing in the instant case.

previously-noticed hearing is reset, Rule 21's three-day notice rule does not apply. *See, e.g.*, *Magnuson v. Mullen*, 65 S.W.3d 815, 824 (Tex. App.–Fort Worth 2002, pet. denied). In a similar vein, an argument could be made that Paul's request that the hearing on Ivy's application be reset for a specific date and time combined with the court administrator's reminder email that a hearing was scheduled for that same date and time, amounted to ample notice of the subject matter of the hearing, but for one inescapable fact—the court administrator responded to Ivy's counsel's request for clarification, stating that the hearing would be a "status hearing on what are the next steps for this matter" and emphasized, "This is not a trial."

We conclude that the court administrator's November 10 email conveyed "necessary information" for notice purposes, upon which K.D.S.'s counsel was entitled to rely. *See* TEX. R. CIV. P. 21(b); *Retzlaff*, 356 S.W.3d at 695; *cf., e.g.*, *Hanks v. Rosser*, 378 S.W.2d 31, 34 (Tex. 1964) (court considered appellant's reliance on erroneous information conveyed by clerk in his official capacity in holding that appellant failure to file answer neither was intentional nor result of conscious indifference under *Craddock* standard). And to the extent any prior notice of hearing may have served to relate to the parties that the November 12 hearing would concern a specific application or motion, the court administrator's November 10 email operated effectively to amend any such notice. In light of the court administrator's statement in her official capacity, we cannot conclude that the trial court's decision to proceed with an evidentiary hearing over K.D.S.'s objection served to uphold the "rudiments of fair play." *See Campbell*, 220 S.W.3d at 570. Therefore, we hold that the trial court abused its discretion when it, over K.D.S.'s objection, conducted an evidentiary hearing on Ivy's application without sufficient notice of such a hearing in violation of K.D.S.'s due process rights.[10] *See* TEX. R. CIV. P. 21(b); *Retzlaff*, 356 S.W.3d at 695; *Campbell*, 220 S.W.3d at 570. K.D.S.'s first issue is sustained.[11]

---

[10] Harm analysis is not required for reversal in a case where a party was deprived of property in a manner contrary to the most basic tenets of due process. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86, 108 S. Ct. 896, 900, 99 L.Ed.2d 75 (1988); *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 364–65 (Tex. App.–Dallas 2009, pet. denied) (trial court signed motion granting summary judgment prior to scheduled date of submission). In the event a harm analysis were required, the outcome would not differ. The record feflects that K.D.S.'s counsel, in reliance on the court administrator's assurance that the hearing was merely a "status hearing" and "not a trial[,]" attended the hearing without his client, who resides in Dallas. We conclude that K.D.S. was harmed when she was prevented from offering live testimony or otherwise participating in the hearing regarding the determination of how the disputed funds at issue would be distributed.

[11] Having sustained K.D.S.'s first issue, we do not consider her second issue regarding the propriety of the trial court's determination or ownership and disposition of funds at issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having sustained K.D.S.'s first issue, we *reverse* the trial court's Order Granting Application to Distribute Estate Funds to Residual Heirs and *remand* the cause to the trial court for further consideration consistent with this opinion.

**GREG NEELEY**
Justice

Opinion delivered February 28, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2023**

**NO. 12-22-00013-CV**

**IN THE MATTER OF THE ESTATE OF
JOANN AUSTIN, DECEASED,**

Appeal from the County Court

of Wood County, Texas (Tr.Ct.No. 13-358)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that the trial court's Order Granting Application to Distribute Estate Funds to Residual Heirs resulted from an abuse of its discretion. It is ORDERED, ADJUDGED and DECREED by this Court that the Order Granting Application to Distribute Estate Funds to Residual Heirs be **reversed** and the cause **remanded** to the trial court **for further consideration** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

9